IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : :  : |
| Plaintiff, | : : |
| v. | CIVIL ACTION NO. : : |
| FLUOR FEDERAL GLOBAL PROJECTS, INC., FLUOR CORPORATION, and FLUOR ENTERPRISES, INC., | : : : : : |
| | JURY TRIAL DEMAND : |
| Defendants. | : : |

## COMPLAINT

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended (the "ADA"), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Dave Hall ("Hall"), who was adversely affected by such practices. The Equal Employment Opportunity Commission (the "Commission" or "EEOC") alleges that Defendants Fluor Federal Global Projects, Inc., Fluor Corporation, and Fluor Enterprises, Inc. (collectively "Defendants") discriminated against Hall by terminating his employment because of his disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to: Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and 2000e-6, and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, the Defendants have conducted business in the State of Georgia and have continuously maintained at least 15 employees.

5. At all relevant times, the Defendants have continuously been employers engaged in an industry affecting commerce under Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h), and under 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7).

6. At all relevant times, the Defendants have been covered entities under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

7. Upon information and belief, Defendants have interrelated operations, common management, centralized control of labor relations, and common management and financial control.

8. Upon information and belief, Defendants were so integrated with respect to ownership and operations as to constitute a single or integrated employer for purposes of the ADA.

9. Upon information and belief, Defendants jointly controlled the terms and conditions of employment of Hall so as to constitute joint employers for purposes of the ADA.

## ADMINISTRATIVE PROCEDURES

10. More than thirty days prior to the institution of this lawsuit, Hall filed a Charge of Discrimination with the Commission alleging violations of the ADA by Defendants.

11.     On May 12, 2021, the Commission issued to Defendants a Letter of Determination finding reasonable cause to believe that the ADA had been violated and inviting Defendants to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

12.     On June 7, 2021, the Commission issued to Defendants a Notice of Failure of Conciliation advising Defendants that the Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

13.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## **STATEMENT OF CLAIMS**

14.     In or around June 2010, Hall was hired by Defendants, who provide management, procurement, engineering, and construction services to the United States Government.  Hall was last employed by Defendants as a MWR Technician Senior on its Logistics Civil Augmentations Program IV project in Afghanistan.

15.     Since at least August 2019, Defendants have engaged in unlawful employment practices in violation of Section 102 of the ADA, 42 U.S.C. § 12112(a) and (b).

16.     Hall is a qualified individual with a disability as defined under Sections

3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Hall had a physical impairment, prostate cancer, which substantially limited him in major life activities, including but not limited to, the major life activity of normal cell growth.

17. On or about August 12, 2019, while on leave in the United States, Hall underwent surgery, successfully removing his prostate and all evidence of cancer.

18. On or about August 27, 2019, Hall submitted documentation from his doctor to Defendants indicating Hall underwent surgery and was fit for duty and re-deployment to Afghanistan.

19. On August 28, 2019, Hall received an e-mail from Defendants stating he was "medically disqualified" and "[a]ll cancers must be in complete remission for 12 months before clearance can be considered," citing the Department of Defense MOD 13 Fitness for Duty standards.

20. On August 29, 2019, Hall received another e-mail from Defendants stating he had been released from the project.

21. Hall was able to perform all essential functions of his position at the time of his discharge.

22. Hall's surgery rendered him cancer-free (as opposed to "in remission"), and he received no subsequent medical treatment related to his prostate cancer.

23. Defendants failed to conduct an individualized assessment of Hall's

ability to perform his duties or fitness for duty.

24. Defendants regarded Hall as disabled and unable to perform the essential functions of his position because of his medical condition.

25. Defendants could have provided Hall with a waiver that would have allowed him to return to work, in accordance with the Department of Defense MOD 13 Fitness for Duty standards, but failed to do so.

26. The effect of the practice(s) complained of above has been to deprive Hall of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

27. The unlawful employment practices complained of above were intentional.

28. The unlawful employment practices complained of above were done with malice and/or with reckless indifference to Hall's federally protected rights.

## PRAYER FOR RELIEF

**WHEREFORE,** the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, its officers, successors, assigns and all persons in active concert or participation with it, from discharging employees because of their actual or perceived disability and/or engaging in any employment practice which discriminates on the basis of disability.

B.   Order Defendants to institute and carry out policies, practices and programs which provide equal employment opportunities for all employees with disabilities and which eradicate the effects of its past and present unlawful employment practices.

C.   Order Defendants to make Hall whole, by providing appropriate back pay in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendants' unlawful employment practices.

D.   Order Defendants to make Hall whole, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E.   Order Defendants to make Hall whole, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, including inconvenience, emotional pain and suffering, anxiety, stress, depression, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.   Order Defendants to pay Hall punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G.   Grant such further relief as the Court deems necessary and proper in the public interest.

H.     Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by this Complaint.

                Respectfully submitted,

                GWENDOLYN YOUNG REAMS
                Acting General Counsel

                LISA MORELLI
                Acting Associate General Counsel

                MARCUS G. KEEGAN
                Regional Attorney

                LAKISHA DUCKETT ZIMBABWE
                Supervisory Trial Attorney

                /s/ *Veronica Rogusky*
                Veronica Rogusky
                Trial Attorney
                Georgia Bar No. 712154
                U.S. Equal Employment Opportunity Commission
                Atlanta District Office
                100 Alabama St., SW, Suite 4R30
                Atlanta, GA 30303
                veronica.rogusky@eeoc.gov
                404-219-6324 (mobile)
                470-531-4837 (office)